# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:20-cr-527 |
| Jason Oil & Gas Equipment, LLC, Defendant. | § § § | FILED UNDER SEAL |

## PLEA AGREEMENT

The United States of America, by and through its attorneys, Jennifer Lowery, Acting United States Attorney for the Southern District of Texas, and Kenneth A. Polite, Jr., Assistant Attorney General for the Criminal Division of the United States Department of Justice (collectively the "Department"), and undersigned counsels, the defendant, Jason Oil & Gas Equipment, LLC ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count Three of the Indictment. Count Three charges Defendant with Title 18, United States Code, Sections 1832(a)(3) and (4) (Attempted Receiving and Buying of Trade Secrets). Defendant, by entering this plea, agrees that it is waiving any right to have the

facts that the law makes essential to the punishment either charged in the indictment, proven to a jury, or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Sections 1832(a)(3) and (4), is up to five years of probation and a fine of not more than the greater of $5,000,000 or three times the value of stolen trade secret.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay a special assessment in the amount of $400 per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Waiver of Appeal and Collateral Review

4. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Should the Court impose the sentence proposed herein, Defendant agrees that it will waive the right to appeal the plea, conviction, and sentence (or the manner in which it was

2

determined) on the grounds set forth in Title 18, United States Code, Section 3742. This Agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

5. Defendant is also aware that the United States Constitution and the laws of the United States afford Defendant the right to contest or "collaterally attack" its conviction or sentence after the conviction has become final. Knowing that, Defendant knowingly waives the right to contest or "collaterally attack" the Defendant's plea, conviction, and sentence by means of any post-conviction proceeding.

6. Defendant waives all defenses based on venue, speedy trial under the United States Constitution and Speedy Trial Act, and the running of the statute of limitations. Further Defendant waives any and all constitutional and non-jurisdictional defects.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**Terms of the Agreement**

8. Defendant agrees to each of the following:

a. This Agreement will be executed by an authorized representative. A Resolution duly adopted by the Board of Directors of Jason Oil & Gas Equipment, LLC, attached to this agreement as Exhibit 1, represents that the signature on this agreement by Jason Oil & Gas Equipment, LLC's representative is authorized by the Board of Directors of Jason Oil & Gas Equipment, LLC. If Defendant pleads guilty to Count Three of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

b. Defendant will pay to the United States a fine in the amount of $4,100,000, $1,000,000 of which relates to Jason Energy Technologies Co., LTD, by wire transfer within 30 days following arraignment pursuant to payment instructions provided by the United States;

c. Defendant will serve a term of probation of four years. Defendant understands and agrees that during the term of the four-year probation, Defendant will not sell or market coiled tubing (both conventional and advanced coiled tubing, as set forth in Paragraph 11) in the United States; and

d. To the extent that Defendant resumes any business operations, Defendant will maintain its compliance program, with provisions designed to provide reasonable assurances that no further violations of United States trade secret law will occur. The United States agrees that Defendant's obligations to maintain such a program will be satisfied by Defendant's adherence to the compliance program maintained by its affiliate company, Jason Energy Technologies Co., LTD, as described in the Deferred Prosecution Agreement.

**Agreement Binding - Southern District of Texas
and Department of Justice, Criminal Division Only**

9. The United States Attorney's Office for the Southern District of Texas and the United States Department of Justice, Criminal Division, agree that they will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct described in Paragraph 11. This Agreement binds only the United States Attorney's Office for the Southern District of Texas, the Criminal Division of the United States Department of Justice, and Defendant. It does not bind any other United States Attorney's Office or division of the United States Department of Justice.

## Rights at Trial

10. Defendant understands that by entering into this Agreement, it surrenders certain rights as provided in this Agreement, including the following:

    a. If Defendant persisted in a plea of not guilty, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree; and

    b. At that trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

## Factual Basis for Guilty Plea

11. Defendant is pleading guilty because the Defendant is in fact guilty of the charges contained in Count Three of the Indictment. Defendant admits, agrees, and stipulates that the factual allegations set forth in the Indictment, relating to Count Three, are true and correct, that it is responsible for the acts

of its officers, directors, employees, and agents described in the Indictment, relating to Count Three, and that the Indictment, relating to Count Three accurately reflect Defendant's criminal conduct. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

a. JASON ENERGY TECHNOLOGIES CO., LTD ("JET"), was a corporation organized and operating in the city of Yantai in the People's Republic of China ("PRC"). JET specialized in the research, development, manufacturing, and marketing of an oil and gas technology commercially known as "coiled tubing." Coiled tubing refers to a continuous length of small-diameter steel pipe, typically made by welding smaller steel strips together. Coiled tubing products have many applications in the underground drilling process for the oil and gas industry, including matrix and fracture stimulation, wellbore cleanout, logging, perforating, nitrogen kickoff, sand control, drilling, cementing, well circulation, and mechanical isolation. JET is affiliated with the Houston-based oil and gas company known as Jason Oil & Gas Equipment LLC.

b. JASON OIL & GAS EQUIPMENT, LLC ("JOG"), was a corporation organized and incorporated in Texas in December 2011. JOG maintained an operating office in Houston, Texas. JOG was involved in the sale and marketing of coiled tubing and was an affiliate of JET. Defendant Lei Gao, who is a fugitive, was the General Manager of JOG from in or about October 2015 until his return to the PRC in November 2019.

c. Global Tubing was a Houston-based oilfield products company that was incorporated in 2007 in the State of Texas. Global Tubing operated an oil and gas equipment manufacturing facility in Texas and was a prominent corporate and industry leader in the development, production, and marketing of coiled tubing. Global Tubing had developed over multiple years an advanced version of coiled tubing that was produced and marketed domestically and internationally. Conventional coiled tubing was subjected to additional processes, including quenching and tempering, to create advanced coiled tubing, which provided superior strength and flexibility over conventional coiled tubing products.

d. Person 1 was a U.S. citizen who was employed for approximately ten years by Global Tubing, including in the position as mill operator at a production facility located in Dayton, Texas.

e. While employed at Global Tubing, and unknown to Global Tubing, Person 1 began to work in or about October 2019 for Defendants JOG, JET, and GAO as a "contractor" providing consulting services on coiled tubing technology.

f. Starting in November 2019, GAO and Person 1 began communicating via WeChat, an encrypted messaging application popular in the PRC.

g. In December 2019, Global Tubing became aware that Person 1 was providing Global Tubing information to GAO, JOG, and JET, and notified federal law enforcement.

h. Starting in January 2020, an undercover law enforcement officer purporting to be Person 1 (the "UCA") took over communications with GAO via WeChat.

i. On or about January 8, 2020, GAO communicated with the UCA via WeChat. GAO sought additional technical information related to Global Tubing's coiled tubing products, specifically, outside tube diameter sizes for various products. As part of this communication, GAO told the UCA, "I hate to ask you again, but our mill guys are waiting for the tube OD [outside diameter] data from you, once again I am so sorry to bother you too much."

j. On or about March 9, 2020, GAO communicated with the UCA via WeChat to ask for Global Tubing financial information.

k. On or about March 9, 2020, GAO further communicated with the UCA via WeChat to offer payment of $200 for what GAO requested as "Global Tubing Precision Manufacturing Cost" information.

l. On or about March 13, 2020, GAO communicated with the UCA via WeChat and received a document from the UCA that purported to be the "Global Tubing Precision Manufacturing Cost" information, which included designations indicating that the document contained trade secret information belonging to Global Tubing.

m. On or about March 17, 2020, an employee of a corporate affiliate of JET and JOG personally provided $200 to Person 1 at GAO's request on or around March 9th.

n. On or about June 16, 2020, GAO and the UCA communicated via WeChat regarding newly publicized JET coiled tubing technology relating to "quench & tempered tubing" wherein GAO thanked Person 1, whom the UCA was impersonating, for providing helpful information.

This stipulation does not attempt to set forth every aspect of Defendant's involvement in the case, but rather to set forth those facts necessary to serve as a factual basis for Defendant's guilty plea in this case.

**Penalty**

12. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1832(a)(3) and (4), is up to five years of probation and a fine of not more than the greater of $5,000,000 or three times the value of stolen trade secret, and a mandatory special assessment of $400 per count, Title 18, United States Code, Section 3013(a)(2)(B).

**Sentencing Recommendation**

13. The parties agree that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines. The Court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in Title 18, United States Code, Section 3553(a).

14. An application of the United States Sentencing Guidelines (U.S.S.G.) to determine the applicable fine range yields the following analysis:

    a. The 2018 U.S.S.G. are applicable to this matter.

b.  Offense Level.  Based upon U.S.S.G. § 2B1.1, the total offense level is 20, calculated as follows:

(a)(2) Base Offense Level:                                         6

(b)(1) Intended loss of more than $250,000:             +12

(b)(10) Trade secret transmitted outside the United States: +2

c.  Base Fine.  Based upon U.S.S.G. § 8C2.4(a)(1), the base fine is $1,000,000.

d.  Culpability Score.  Based upon U.S.S.G. § 8C2.5, the culpability score is 5, based on a base culpability score of 5.

(a) Base Culpability Score:   5

Calculation of Fine Range:

Base Fine    $1,000,000

Multipliers   1.00 (min)/2.00 (max)

Fine Range   $1,000,000/$2,000,000

**Breach of Plea Agreement**

15. If Defendant should fail in any way to fulfill completely all of the obligations under this Agreement, the United States will be released from its obligations under the Agreement, and Defendant's plea and sentence will stand. Any information disclosed and documents produced by Defendant, whether prior to or subsequent to this Agreement, and all leads derived therefrom, can be

used against Defendant in any prosecution. It is understood by Defendant and the United States that should Defendant fail to comply with any of the obligations set forth in this Agreement or violate any of the terms or conditions set forth in this Agreement, or engages in any criminal violation, the United States shall be released from its obligations under this Agreement, but Defendant's plea and sentence will stand and the U.S. Attorney's Office for the Southern District of Texas may institute or re-institute prosecution, including but not limited to enhancement of the sentence and may prosecute Defendant for any and all violations of Federal law which Defendant may have committed. For purposes of this paragraph, Defendant waives any statute of limitations that may apply to any such Federal offenses or counts. Whether Defendant has breached any provision of this Agreement shall be determined by the United States in its sole discretion.

**Public Statements by the Defendant**

16. Defendant expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents or any other person authorized to speak for the Defendant make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the Defendant set forth above or the facts in the Factual Basis for Guilty Plea in Paragraph

11. Any such contradictory statement shall, subject to cure rights of Defendant described below, constitute a breach of this Agreement, and Defendant thereafter shall be subject to prosecution as set forth in Paragraph 15 of this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Factual Basis for Guilty Plea in Paragraph 11 will be imputed to Defendant for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the Department. If the Department determines that a public statement by any such person contradicts in whole or in part a statement contained in Paragraph 11, the Department shall so notify Defendant, and Defendant may avoid a breach of this Agreement by publicly repudiating such statement(s) within five business days after notification. Defendant shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in Paragraph 11 provided that such defenses and claims do not contradict, in whole or in part, a statement contained in Paragraph 11. This Paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of Defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of Defendant.

17. Subject to applicable PRC laws and regulations, Defendant agrees that if it or any of its direct or indirect subsidiaries or affiliates issues a press release or holds any press conference in connection with this Agreement, Defendant shall first consult the Department to determine (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the Department and Defendant; and (b) whether the Department has any objection to the release or statement.

**Complete Agreement**

18. This written Agreement, consisting of 17 pages, including the attached addendum of Defendant and its attorney, constitutes the complete agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this Agreement. Defendant acknowledges that no threats have been made against him and that it is pleading guilty freely and voluntarily because it is guilty.

19. Any modification of this Agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _____,
2021.

**AGREED:**

**FOR THE COMPANY:**

Date: September 9, 2021             By: *Eva Zhang*
                                         Eva Zhang
                                         Corporate Representative & Counsel,
                                         Defendant Jason Oil & Gas


Date: September 8, 2021             By: *Peter Spivack*
                                         Peter S. Spivack
                                         Hogan Lovells US LLP
                                         Counsel for JASON ENERGY


**FOR THE UNITED STATES OF AMERICA:**

Jennifer B. Lowery                  Kenneth A. Polite, Jr.
Acting United States Attorney       Assistant Attorney General


By: _____        _____
    Carolyn Ferko                   Anand B. Patel
    S. Mark McIntyre                Trial Attorney
    Assistant United States Attorneys   Computer Crime and Intellectual
    Southern District of Texas      Property Section
                                    Criminal Division
                                    U.S. Department of Justice

16

Filed at Houston, Texas, on October 4, 2021.

**AGREED:**

**FOR THE COMPANY:**

Date: September 9, 2021                By: *Eva Zhang*
                                           Eva Zhang
                                           Corporate Representative & Counsel,
                                           Defendant Jason Oil & Gas


Date: September 8, 2021                By: *Peter Spivack*
                                           Peter S. Spivack
                                           Hogan Lovells US LLP
                                           Counsel for JASON ENERGY


**FOR THE UNITED STATES OF AMERICA:**

Jennifer B. Lowery                     Kenneth A. Polite, Jr.
Acting United States Attorney          Assistant Attorney General


By: *Carolyn Ferko*                    *Anand B. Patel*
    Carolyn Ferko                      Anand B. Patel
    S. Mark McIntyre                   Trial Attorney
    Assistant United States Attorneys  Computer Crime and Intellectual
    Southern District of Texas         Property Section
                                       Criminal Division
                                       U.S. Department of Justice

16

BY: _____
Anand B. Patel
Trial Attorney

_____
Carolyn Ferko
S. Mark McIntyre
Assistant United States Attorneys

Subscribed and sworn to before me on ___October 4___, 2021.

                                NATHAN OCHSNER,
                                UNITED STATES DISTRICT CLERK

By: _____
      Deputy United States District Clerk